Filed 7/27/22  P. v. Mejia CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JESUS HUMBERTO MEJIA,<br><br>    Defendant and Appellant. | G052967<br><br>(Super. Ct. No. 09CF3083)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, John Conley, Judge.  Affirmed in part, reversed in part, and remanded.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Eric L. Christoffersen and Catherine Chatman, Deputy Attorneys General, for Plaintiff and Respondent.

In August 2015, a jury convicted Jesus Humberto Mejia of attempted premeditated murder, burglary, robbery, street terrorism, and firearm possession. The jury also returned true findings on associated weapon and street gang allegations. In bifurcated proceedings, the trial court made true findings on prior conviction allegations. Mejia filed a timely notice of appeal and raised the following arguments: (1) the court improperly instructed the jury on premeditated attempted murder under the natural and probable consequences doctrine; (2) the court erred by imposing consecutive sentences on the attempted robbery (count 7) and the firearm enhancement on count 7; and (3) the court made several sentencing errors. The Attorney General concedes the sentencing errors and brought to our attention numerous clerical errors on the abstract of judgment and the minute order.

In September 2019, we filed an opinion addressing Mejia's contentions on appeal. Mejia filed a petition for review in the Supreme Court, and it was granted. This matter was then remanded from the Supreme Court with directions to vacate our decision and reconsider the cause in light of Senate Bill No. 775 (Stats. 2021, ch. 551) (SB 775). Subsequently, Mejia filed an application for leave to file additional supplemental briefing on the effect of Assembly Bill No. 333 (2021-2022 Reg. Sess.) (AB 333), *People v. Valencia* (2021) 11 Cal.5th 818 (*Valencia*), and *People v. Sanchez* (2016) 63 Cal.4th 665 (*Sanchez*). We granted his application and gave the Attorney General an opportunity to file a supplemental brief in response.

In his supplemental briefing, Mejia asserts SB 775 abrogates the natural and probable consequences doctrine as to attempted murder and, therefore, the trial court's instructions were prejudicially erroneous and require reversal. Mejia also maintains that based on AB 333, *Sanchez, supra,* 63 Cal.4th 665, and *Valencia, supra,* 11 Cal.5th 818, this court must vacate the true findings on the gang enhancement, the

2

gang-related firearm enhancement, and the verdict on the active participation charge. He contends the matter should be remanded for a new trial or resentencing.

In his supplemental brief, the Attorney General concedes SB 775 eliminated the natural and probable consequences doctrine for attempted murder and in Mejia's case the jury was improperly instructed on the natural and probable consequences doctrine as a theory for attempted murder, and the error was not harmless. Additionally, the Attorney General agrees AB 333 changed the requirements for a defendant to be convicted of the substantive crime of participation in a gang and the requirements for imposing a gang enhancement and recognizes the amendments apply retroactively. He further acknowledges that the prosecution did not present testimony or evidence on an element now required under the amended statute. The Attorney General concedes the matter must be remanded to afford the prosecution an opportunity to retry the gang offense and sentencing allegations and meet its burden of proof pursuant to the amended statute. We agree with the Attorney General as to the impact of both SB 775 and AB 333 on this case.

Accordingly, the convictions on attempted premeditated murder (Pen. Code, §§ 664, subd. (a), 187, subd. (a); counts 4 & 9)[1] and street terrorism (§ 186.22, subd. (a); count 10) are reversed and remanded. The findings on the vicarious use of a firearm by a gang member (counts 4 & 7) are also reversed and remanded. The special finding on counts 1 to 9, and 11 that the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) are reversed and remanded.

We also agree with the parties the trial court erred by imposing the full 10-year sentence for the firearm enhancement. A recent change in the law requires this case be remanded to allow the trial court to exercise its discretion to strike the five-year prior

---

[1] All further statutory references are to the Penal Code.

conviction enhancement imposed pursuant to section 667, subdivision (a)(1). Finally, we order the trial court to rectify two sentencing errors and correct numerous clerical errors on the abstract of judgment and minute order. In all other respects, we affirm the judgment.

FACTS

Early one morning, Jose Ramirez and his wife, Alberta, heard their car alarm sounding. Alberta saw a young man standing at the garage. Jose went to the garage and noticed Mejia was outside standing next to a black car talking on a cellphone. When Jose entered the garage, he saw the back passenger window of his vehicle was broken. He watched Francisco Rodriguez, who was inside the vehicle, attempting to remove the speakers. Jose tried to leave the garage when Rodriguez turned and pointed a shotgun at him. Mejia, who was now holding a pistol, ordered Jose back into the garage.

Alberta, who was standing nearby, was holding a cellphone in her hand. Mejia pointed his pistol at her and grabbed her phone. At this point, the apartment complex manager arrived and told the two culprits, "Lower your weapon. Don't be a fool. Think about what you're doing." Rodriguez pointed his shotgun at Jose and pulled the trigger three times, but the weapon did not fire. Hearing sirens in the background, Mejia said, "Let's get out of here." The men escaped in the black car that had been left outside the garage.

Rodriguez and Mejia were tried as codefendants. The jury was instructed with CALCRIM Nos. 600 (Attempted Murder), 601 (Attempted Murder: Deliberation and Premeditation), 400 (Aiding and Abetting: General Principles), 401 (Aiding and Abetting: Intended Crimes), and 403 (Natural and Probable Consequences).

Santa Ana Police Department Detective Jeff Launi testified as the People's gang expert. He explained the organization and culture of Hispanic gangs, including the concepts of respect, fear, and intimidation, the prevalence of guns and gun-use, and the

4

requirement of "backing up," or assisting other gang members in the commission of criminal offenses. Launi was familiar with the Highland Street gang. In 2009, the gang was an ongoing group or association with more than three active members, sharing a common name, sign or symbol, and its typical activities included firearms violations, narcotics violations, homicides, vandalism and robbery. Two known Highland Street gang members (Henry Cabrera and Guillermo Briseno) were each convicted of separate gang-related offenses in 2005 and 2007.

Launi testified Cabrera was convicted of being a felon in possession of a firearm and participation in a criminal street gang (crimes committed on January 31, 2005). He stated Briseno was convicted of possessing a firearm with a prior offense and participation in a criminal street gang (crimes committed on September 6, 2007). The prosecution introduced certified packets to further prove Cabrera and Briseno were convicted of these crimes.

Launi testified that, based on his personal knowledge of Cabrera and Briseno, and a review of background checks, the two men were members of the Highland Street gang at the time of their crimes. Launi opined that based on his knowledge of Mejia, Mejia's tattoos (on his neck, head, chest, back, and legs), and an investigation into Mejia's background, Mejia was an active Highland Street gang member at the time of the charged offenses.

A jury convicted Mejia of the following crimes: possession of a firearm by a felon (former § 12021, subd. (a)(1); counts 1, 11); second degree vehicle burglary (§§ 459, 460, subd. (b); count 2); second degree robbery (§§ 211, 212.5, subd. (c); count 3); attempted premeditated murder (§§ 664, subd. (a), 187, subd. (a); counts 4, 9); attempted first degree robbery (§§ 664, subd. (a), 211, 212.5, subd. (a); counts 5, 7); first degree burglary (§§ 459, 460, subd. (a); counts 6, 8); and street terrorism (§ 186.22, subd. (a); count 10). The jury found true that in counts 3 and 9, Mejia personally used a

5

firearm during the commission and attempted commission of such offenses. (§ 12022.53, subd. (b).) As to counts 4 and 7, vicarious use of a firearm by a gang member was also found to be true. (§ 12022.53, subds. (b), (e)(1).) Counts 1 to 9 and 11 were found to have been committed for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1).) The jury also found true a prior conviction qualifying as a serious felony (§ 667, subd. (a)(1)), and two prior convictions qualifying as strikes (§§ 667, subds. (d), (e)(2)(A), 1170.12, subds. (b), (c)(2)(A)).

The court sentenced Mejia to an aggregate term of 44 years to life, consecutive to a determinate term of 62 years and four months. The court imposed the middle term of three years on count 3 (second degree robbery), enhanced by 10 years for the gang allegation, and further enhanced by 10 years for the use of a firearm; a consecutive term of 14 years to life on count 4 (attempted murder), enhanced by 10 years for the principal armed gang allegation; the middle term of two years on count 5 (robbery), plus 10 years for the gang allegation, further enhanced by 10 years for the weapon use allegation, to run consecutive to count 4; a consecutive term of eight months on count 7 (attempted first degree robbery), enhanced by 10 years for the weapon use allegation; and 30 years to life on count 9 (attempted murder), enhanced by 10 years for the weapon use allegation, to run consecutive to count 4. The court imposed an additional five-year term for the prior serious felony conviction. It imposed and stayed the sentences on the remaining counts and allegations and ordered those would run concurrent with the sentence imposed on count 4.

## DISCUSSION

### I. New Legislation

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who

is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842.) Relevant here, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile, supra,* 10 Cal.5th at pp. 842-843.) The Attorney General's concedes the attempted murder convictions must be reversed and remanded. We accept the concession.

Effective January 1, 2022, AB 333 amended section 186.22 in several ways to increase the evidentiary burden necessary to prove the gang offense under section 186.22, subdivision (a), and the gang enhancement under section 186.22, subdivision (b)(1). (*People v. Rodriguez* (2022) 75 Cal.App.5th 816, 822.) Generally, the new law amended the definitions of "'criminal street gang'" and "'pattern of criminal [gang] activity'" and clarified the evidence needed to establish that an offense "'benefit[s], promote[s], further[s], or assist[s]'" in criminal conduct by members of a gang. (*People v. Perez* (2022) 78 Cal.App.5th 192, 206.) Given these significant changes in the law, the Attorney General agrees the matter must be remanded to afford the prosecution an opportunity to retry the gang offense and sentencing allegations and meet its burden of proof pursuant to the amended statute. We accept the Attorney General's concessions the attempted murder convictions, the gang offense, and the gang enhancements must be reversed and remanded.

After initial briefing was completed, Mejia requested permission to file a supplemental brief on Senate Bill No. 1393 (2017-2018 Reg. Sess.) (SB 1393), signed by the governor on September 30, 2018. The new law gives trial courts the discretion to strike the punishment for serious felony convictions as defined in section 667,

subdivision (a)(1). We permitted Mejia and the Attorney General to file supplemental briefs. Mejia also requested we take judicial notice of the Supreme Court's dockets in *People v. Gibson*, review granted October10, 2018, S250914, and *People v. Johnson*, review granted October 31, 2018, S250283. We deny this request because this information was unnecessary for us to resolve this issue.

The Attorney General concedes that if SB 1393 took effect before Mejia's judgment became final, the new law would apply to him retroactively. The law became effective January 1, 2019. Accordingly, we accept the Attorney General's concession. We reverse the trial court's imposition of the five-year enhancement and remand this issue for resentencing so the trial court may consider whether to exercise its recently conferred discretion to strike the five-year prior conviction enhancement imposed pursuant to section 667, subdivision (a)(1).

## II. Sentencing Errors

### A. Counts 3 & 7

Mejia contends the court erred in sentencing him on count 7. He asserts first degree robbery is punishable by three, six, or nine years. (§ 213.) He notes attempted first degree robbery is punishable by one-half the term. (§ 664, subd. (a).) Therefore, the middle term for attempted first degree robbery is three years.

Mejia is correct in asserting the middle term on attempted robbery is three years. One third of the middle term is one year, but what he fails to include in the calculation is the Three Strikes doubling provision. (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).) Applying the Three Strikes law doubling provision, the attempted first degree robbery term of one year for a subordinate consecutive sentence is doubled resulting in a two-year sentence. Accordingly, the correct sentence on count 7 should have been two years (one year mid-term doubled).

On count 3, the court imposed a three-year sentence (an appropriate middle term for second degree robbery). (§ 213.) But because this was a subordinate consecutive sentence, the appropriate sentence is one-third of three years, making it one year. Again because of the Three Strikes law, the sentence should be doubled to two years. Thus, to briefly summarize, the resulting total term on counts 3 and 7 should have been four years, not seven years six months.

*B. Firearm Enhancement*

Mejia also argues the court erred in imposing the full 10-year sentence on count 7 for the firearm enhancement (§ 12022.53, subds. (b), (e)(1)). The Attorney General agrees the correct term is three years four months pursuant to section 1170.1. Accordingly, we order the trial court to modify the sentence on count 7 to reflect the proper term of three years four months for the enhancement.

*III. Clerical Errors*

*A. Counts 3 & 7*

On counts 3 and 7, the Attorney General noticed there was a discrepancy between the trial court's oral pronouncement of judgment and the minutes and abstract of judgment. The trial court stated it was doubling Mejia's sentences on counts 3 and 7 under the Three Strikes law. However, the abstract of judgment failed to account for the increased sentence. The Attorney General is correct but because we concluded Mejia must be resentenced on counts 3 and 7, there is no need to address this perceived clerical error.

*B. Section 654*

Mejia found a discrepancy between the court's oral pronouncement and its minutes and abstract of judgment. The trial court stayed, pursuant to section 654, Mejia's sentences on counts 1, 2, 5, 8, and 10. The minutes and abstract of judgment indicate those terms are to be served concurrently. A trial court's oral pronouncement of

judgment is the binding judgment, and appellate courts may order modification of clerical errors that fail to reflect that judgment properly. (*People v. Myles* (2012) 53 Cal.4th 1181, 1222, fn. 14.) The Attorney General agrees the trial court should correct the minutes and the abstract of judgment to reflect the proper judgment. Because count 10 has been reversed, we only need to direct the trial court to correct this error on counts 1, 2, 5, and 8 in the abstract of judgment.

C. *Conviction Enhancement*

The Attorney General correctly points out the section 667, subdivision (a)(l), enhancement should not appear twice in the abstract of judgment (once as part of the determinate sentence and again as part of abstract of judgment on the indeterminate sentence). The trial court imposed the enhancement only once, and it was properly indicated in the abstract of judgment of the determinate sentence. It should not have been listed a second time in the abstract of judgment on the indeterminate sentence. However, because we have reversed this enhancement due to the enactment of SB 1393, and the court on remand will reconsider the matter, we need not correct this clerical error.

D. *Section 669*

The court's minutes indicate Mejia must serve his determinate sentence "consecutively to the defendant's indeterminate sentence." As correctly noted by the Attorney General, when a defendant is sentenced to both a determinate and an indeterminate sentence, the determinate sentence is served first. (§ 669.) We order the court to modify the minutes to indicate Mejia must serve his determinate sentence first, followed by his indeterminate sentence.

III. *Total Determinate Term*

As noted by the Attorney General, due to the above modifications, the abstract of judgment will no longer have an accurate total time. Because the matter is being remanded, we are confident the trial court's new abstract of judgment will reflect a

10

new total determinate term after taking into account the orders and disposition of this opinion.

## DISPOSITION

We reverse and remand the following: (1) The convictions on attempted premeditated murder (§§ 664, subd. (a), 187, subd. (a); counts 4 & 9) and street terrorism (§ 186.22, subd. (a); count 10); (2) The findings on the vicarious use of a firearm by a gang member (counts 4 & 7); (3) The special finding on counts 1 to 9 and 11 that the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)); and (4) The section 667, subdivision (a)(1) enhancement.

We agree the trial court made sentencing errors and there were errors in the abstract of judgment. Because we are remanding the matter and are confident the court will correctly sentence Mejia and the clerk will prepare correct abstracts of judgment, we do not specifically instruct the court to correct the previous sentencing or the clerk to correct the previous abstracts.

We deny Mejia's request for judicial notice. In all other respects, the judgment is affirmed.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


SANCHEZ, J.


11